UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NORRIS HICKS, TDCJ #00505593, | § § § § | |
| Plaintiff, | § | |
| VS. | § | MISC. ACTION NO. 3:18-MC-0014 |
| TDCJ, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Norris Hicks, currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), initiated this miscellaneous action on September 26, 2018. Hicks, who is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), seeks the Court's leave to file a civil complaint *in forma pauperis* and alleges that he is in imminent danger. Having reviewed Hicks' filing and attachments, his litigation history, and all matters of record, the Court **denies** Hicks' request for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act, a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of Section 1915(g), he may not proceed without prepayment of the filing fee unless he fits

within the "imminent danger" exception at the time his complaint is filed. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

Hicks has filed numerous previous lawsuits and has received at least nine "strikes." *See, e.g., Hicks v. Brysch*, 5:96-CV-1005 (W.D. Tex.); *Hicks v. Polunsky*, 6:99-CV-0491 (E.D. Tex.). Therefore, he may not proceed *in forma pauperis* absent a showing of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885. The threat of imminent danger must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and allegations regarding past harms do not suffice. *Banos*, 144 F.3d at 885; *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Hicks argues that he is "in imminent danger of physical injury or death" because he is "in nearly constant pain" due to a hernia, and because the pain "has become almost unbearable" and "severely limit[s] his activities" (Dkt. 1, at 1). He maintains that hernias "can lead to infection, bowel obstruction, and even death" (*id.* at 2). He alleges that, "[d]espite the fact that surgical repair [of a hernia] is the only way to prevent negative outcomes, TDCJ and UTMB have a policy of refusing to provide hernia surgeries, except in emergency circumstances, for the purpose of reducing cost and increasing profits" (*id.*).

Through TDCJ's administrative grievance procedure, Hicks requested surgical consultation and surgical repair of his hernia (*id.* at 6). The response from TDCJ's medical grievance program states that the doctor treating Hicks' hernia had assessed the

hernia as "easily reducible" and had explained that Hicks "did not qualify for a referral" for surgery because "Hospital Galveston General Surgery only takes offenders with non-reducible hernias" (*id.* at 4). TDCJ's response further notes that Hicks has "continued to be seen in accordance with the Correctional Managed Health Care Policy E. 37.1" (*id.*). *See Mesa v. Kasule*, Civil No. 9:12-CV-42, 2013 WL 2151706, at * 3 (E.D. Tex. May 15, 2013) (explaining that hernia surgery is medically necessary only when the hernia becomes "obstructed or strangulated," but that surgery is considered elective when the hernia is reducible).

Although Hicks invokes the phrase "imminent danger," his conclusory allegations are insufficient to satisfy Section 1915(g)'s requirements. *See Banos*, 144 F.3d at 885; *Ciarpaglini,* 352 F.3d at 330-31. At most, Hicks alleges that he suffers pain from his hernia, that his activities are limited, and that TDCJ has refused to authorize surgical repair of his hernia at this time because the hernia is easily reducible. TDCJ continues to provide medical care for the hernia. Hicks' disagreement with TDCJ's policy regarding treatment of reducible hernias is insufficient to show an imminent danger of serious physical injury.

For the reasons stated above, Hicks' request for leave to file a civil complaint *in forma pauperis* is **DENIED**.

SIGNED at Galveston, Texas, this 12th day of October, 2018.

_____
George C. Hanks Jr.
United States District Judge